FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

NOV 26 2008

James N. Hatten (Clerk)
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

KATISA MATHEWS,                      )
                                     )
        Plaintiff,                   )   Civil Action No.: 3 08-CV- 134 JTC
                                     )
v.                                   )
                                     )   JURY TRIAL DEMANDED
                                     )
                                     )
TENET HEALTHCARE                     )
CORPORATION.                         )
                                     )
        Defendant.                   )

## COMPLAINT

COMES NOW, the Plaintiff, Katisa Mathews, as Wife of Kenneth

Mathews, Jr., Deceased, by and through her attorney of record and shows

this Honorable Court as follows:

**1.**

Tenet Healthcare Corporation d/b/a Spalding Regional Hospital

(Hereinafter referred to as "The Hospital") is a foreign corporation created

under the laws of the State of Nevada with its principle place of business and

corporate offices located at 13737 Noel Road, Dallas, Texas 75240.  Said

Defendant is subject to the jurisdiction and venue of this Court, and may be

served through its registered agent in the State of Georgia, CT Corporation

Systems, 1201 Peachtree Street, NW, Atlanta, Georgia 30361

**2.**

At all times material and relevant to this action, Kenneth Mathews, Jr. was a patient under the care and treatment of the Hospital which was and is located in Spalding County, Georgia.

**3.**

At all times material and relevant to this action, treating nurses, medical doctors, physician assistants and pharmacists of Kenneth Mathews, Jr. were acting as employees and agents of Defendant in the care and treatment of Kenneth Mathews, Jr. on January 31st and February 1st, 2006.

**4.**

The professional employees and agents of the Defendant owed a duty to exercise that degree of skill and care employed by each of their individual professions generally under like and similar circumstances attendant in the diagnosis, care and treatment of Kenneth Mathews, Jr. on January 31st, and February 1st, 2006.

**5.**

Employees and agents of the Defendant were Kenneth Mathews, Jr.'s primary medical nursing and pharmaceutical care givers through the course of his hospitalization on January 31st and February 1st, 2006.

**6.**

Defendant's employees and agents were negligent and failed to exercise the standard of care required of professional employees and agents of the Defendant generally under the facts and circumstances presented given the condition and previous diagnosis made of Kenneth Mathews, Jr. during earlier hospitalizations at Defendant's facility known as Spalding Regional Hospital beginning in the year 1999 through November 12, 2005. Specifically, this previous medical and pharmaceutical history was or should have been available to those professional employees and agents (as well as non-professional employees and agents) of the Defendant. This medical and pharmaceutical history showed that Kenneth Mathews, Jr. had experienced severe adverse reactions to the anti-seizure drug Phenytoin (manufactured and distributed under the trade names of Dilantin and Cerebyx) during his previous hospitalizations at Spalding Regional Hospital prior to his treatment on January 31st and February 1st, 2006 .

**7.**

The standard of care exercised by Defendant's employee and agents generally under the facts and circumstances presented given the condition, previous diagnosis and past medical and pharmaceutical history concerning

the care and treatment of Kenneth Mathews, Jr. on January 31, 2006

required that the Defendant's employees and agents assure that the anti-

seizure drug Phenytoin (manufactured and distributed under the trade names

of Dilantin and Cerebyx) not be administered to Kenneth Mathews, Jr.

The previous medical and pharmaceutical history of Kenneth

Mathews Jr. showed previous severe adverse reactions experienced by him

during earlier hospitalizations at Defendant's facility known as Spalding

Regional Hospital to the  drug Phenytoin beginning in the year 1999 through

November 12, 2005.

**8.**

The standard of care required the Defendant to maintain a readily

accessible medical and pharmaceutical history of Kenneth Mathews Jr. from

July 21, 1999 to January 31, 2006 showing allergic and other severe adverse

reactions to drugs previously administered to him and other patients at

Spalding Regional Hospital during earlier admissions.

**9.**

The death of Kenneth Mathews, Jr. on November 27, 2006 was caused and contributed to by the failure of Defendant's employees and agents at The Hospital to timely provide needed and known medical, nursing and pharmaceutical treatment and to comply with the standard of care required of hospitals, physicians, nurses, physician assistants, other medical personnel and pharmacists generally under like and similar circumstances in the care and treatment of Kenneth Mathews, Jr. on January 31st and February 1st of the year 2006.

**10.**

As a direct and proximate result of the negligence of the Defendant's employees and agents, Kenneth Mathew, Jr.'s true medical and pharmaceutical history and condition showing previous severe adverse and allergic reactions to the drug Phenytoin, was not fully, timely and properly investigated and he did not receive the proper care and treatment for his medical condition, which would have prevented the administering of the drug Phenytoin during his period of care and treatment by the Defendant on January 31st and February 1st, 2006.

**11.**

As a direct and proximate result of the negligent conduct and omissions of Defendant's employees and agents, Kenneth Mathews, Jr. died on November 27, 2006.

**12.**

Kenneth Mathews, Jr., and Plaintiff, Katisa Mathews were married at all times pertinent to this action.

**13.**

The period of limitations for bringing this wrongful death action will expire within ten (10) days of the filing of this Complaint and because of time restraints the affidavit of an expert could not be prepared prior to the filing of this action. Filed with this Complaint is an affidavit from Plaintiff's Counsel affirming that he and his law firm were not retained by the Plaintiff more than ninety days prior to the expiration of the period of limitation on Plaintiff's claim under the laws of the State of Georgia.

**WHEREFORE** Plaintiff prays as follows:

a.      That summons and process be issued requiring Defendants to

be served as provided by law and requiring the Defendants to

answer this Complaint;

b.      That Plaintiff have a trial by jury of all issues in action;

c.      That Katisa Mathews, as the Wife of Kenneth Mathews, Jr.,

have and recover from the Defendant an amount to be

determined by a jury of her peers based upon the evidence

presented at trial for the full value of the life of Kenneth

Mathews, Jr.;


This _26_ of November, 2008.


Respectfully Submitted

By: _David E. Betts_

David E. Betts
Attorney for Plaintiff
Georgia Bar No.:  055850

**Betts & Associates**
The Grant Building, Suite 200
44 Broad Street, NW
Atlanta, Georgia 30303
Telephone (404) 577-8888
Fax (404) 577-0080

STATE OF GEORGIA     )
                              )

COUNTY OF FULTON   )

## AFFIDAVIT

Personally appeared before the undersigned, an officer duly authorized by law to administer oaths came David E. Betts, who, after being duly sworn, deposes and does state under oath as follows:

### 1.

I am an attorney practicing law in the State of Georgia and admitted to Northern District of Georgia.  My law offices are located at: 44 Broad Street, NW, Suite 200, Atlanta, Georgia 30303.

### 2.

The facts set out in this affidavit are based upon my own personal knowledge.

### 3.

I and my law firm were retained by Katisa Mathews, wife of Kenneth Mathews, Jr., deceased on November 21, 2008 to prepare and file a legal action against Tenet Healthcare Corporation for the wrongful death of her husband, Kenneth Mathews, Jr. who died on November 27, 2006

### 4.

The limitation period for a wrongful death action filed in the State of Georgia for conduct arising in the State of Georgia is two years from the date of death and thus any action filed against Tenet Healthcare Corporation for conduct which resulted in the death

of Kenneth Mathews, Jr. on November 27, 2006 must be filed within two years of that date.

5.

Because of time restraints an affidavit of an expert witness could not be obtained or prepared prior to the filing of an action on behalf of Katisa Mathews on November 26, 2008 by David E. Betts as her attorney of record in the United States District Court in the Northern District of Georgia, Newnan Division.

Further your affiant sayeth not.

By: _____

David E. Betts
Ga. Bar No. 055850

Sworn to and subscribed
before me this _26_ day of
November, 2008.

By: _____
Notary Public

**My commission expires:** _12/30/2011_

Sherrie McGinley
Notary Public, Clayton County, GA
My Commission Expires December 30, 2011